**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| Srinath Tupil Muralidharan and Srinidhi Rajanarayanan,<br><br>Plaintiffs,<br><br>v.<br><br>Joseph B. Edlow, Director, U.S. Citizenship and Immigration Services,<br><br>Defendant. | Case No.: 5:26-cv-01688-SVK<br><br>**~~[PROPOSED]~~ ORDER GRANTING PLAINTIFFS' COUNTER-MOTION FOR LIMITED DISCOVERY UNDER F.R.C.P. 56(d)**<br><br>**Date:** ~~**November 17, 2026**~~ November 10, 2026<br>**Time:** ~~**10:00 a.m.**~~ 11:00 a.m.<br>**Location:** ~~**Courtroom 6, 4th Floor**~~ by Zoom webinar<br><br>The Honorable Susan van Keulen<br>United States Magistrate Judge |

The Court held a hearing on November 10, 2026 on Plaintiffs' Counter-Motion for Limited Discovery Under FRCP 56(d). For the reasons stated on the record, Plaintiffs' Counter-Motion is GRANTED on the terms set forth below. Defendants' Motion for Summary Judgment at Dkt. 24 is TERMINATED without prejudice to re-filing after the close of discovery.

Before the Court is Plaintiffs' Counter-Motion for Limited Discovery under Federal Rule of Civil Procedure 56(d), filed in lieu of a merits opposition to Defendant's Motion for Summary Judgment. Dkt. 24. Having considered the Counter-Motion, the Declaration of Jessica T. Arena and its exhibits, Defendant's opposition, Plaintiffs' reply, the Parties' arguments at the hearing and the record in this action, and good cause appearing, the Court GRANTS the Counter-Motion and ORDERS as follows:

1. **Discovery Ordered.** Within 30 days of the date of this Order, or by a deadline agreed to by the Parties, Defendant shall serve written responses to the following interrogatories and requests for production of documents, which are limited to Form I-485 applications in the EB-5 reserved rural set-aside category under 8 U.S.C. § 1153(b)(5)(B)(i)(I)(aa) except as stated:

(a) Documents and an interrogatory response sufficient to show the filing and adjudication dates of EB-5 Form I-485 applications in the reserved rural set-aside category received by USCIS on or after October 27, 2025; the current processing or queue status of Plaintiffs' Form I-485 applications relative to those applications; and the number of

employment-based Form I-485 applications pending before Service Center Operations and the number completed, by month, from October 27, 2025 to the present.

(b) An interrogatory response stating whether USCIS has adopted any written or unwritten policy, directive, or operational guidance addressing how Form I-485 applications in the reserved rural set-aside category are processed relative to other employment-based Form I-485 applications, together with documents reflecting the same.

~~(c) An interrogatory response stating whether USCIS maintains any internal audit, quality-assurance review, or compliance mechanism to verify that reserved-category EB-5 Form I-485 applications are being adjudicated consistent with any such guidance, and if so, the date of the most recent such review.~~

(d) An interrogatory response stating the agency activities of a higher or competing priority that Defendant contends would be affected if Plaintiffs' Form I-485 applications were adjudicated ahead of their current position in the queue, and stating the number of EB-5 Form I-485 applications in the reserved rural set-aside category that Service Center Operations adjudicated out of receipt-date order from October 27, 2025 to the present, together with the category of reason recorded for each such adjudication.

(e) An interrogatory response stating whether Policy Memorandum PM-602-0199 has been applied, or is being applied, in the adjudication or review of Plaintiffs' pending Form I-485 applications, and whether any Form I-485 applications in the reserved rural set-aside category pending before Service Center Operations have been held, referred, or adjudicated under that memorandum since May 21, 2026.

2. **No Depositions at This Time.** No depositions are authorized by this Order. Plaintiffs may seek leave for depositions or further discovery upon a showing that Defendant's

written responses are evasive or incomplete or raise additional factual disputes requiring further development.

3. ~~**Defendant's Motion Held in Abeyance.** The Court DEFERS ruling on Defendant's Motion for Summary Judgment, Dkt. 24, in its entirety, pending completion of the discovery ordered herein. The hearing on Defendant's Motion set for November 17, 2026 is VACATED, to be reset upon the parties' joint proposed schedule.~~

~~4. **Joint Proposed Schedule.** Within seven days after Defendant serves the responses required by paragraph 1, the parties shall file a joint proposed schedule for Plaintiffs' merits opposition to Defendant's Motion, Defendant's reply, and the hearing.~~

5. **Reservation of Rights.** Nothing in this Order limits the arguments Plaintiffs may raise in opposition to Defendant's Motion for Summary Judgment, and no claim or argument is deemed conceded by the filing of the Counter-Motion in lieu of a merits opposition.

**IT IS SO ORDERED.**

Dated: November 10, 2026

SUSAN VAN KEULEN
United States Magistrate Judge